IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUBERT WARREN § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-07-CV-0849-N |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Hubert Warren, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be stricken from the record and petitioner should be sanctioned for his continued abuse of the judicial system.

I.

A jury convicted petitioner of aggravated assault on a public servant and sentenced him to 60 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *Warren v. State*, 98 S.W.3d 739 (Tex. App.--Waco 2003, pet. ref'd); *Ex parte Warren*, No. 52,260-04 (Tex. Crim. App. Apr. 16, 2003). Petitioner also filed three applications for federal habeas relief. The first writ was denied on the merits. *Warren v. Dretke*, No. 3-04-CV-0496-D, 2004 WL 1836733 (N.D. Tex. Aug. 16, 2004), *COA denied*, No. 04-11151 (5th Cir. Apr. 19, 2005), *cert. denied*, 126 S.Ct. 743 (2005). The other two writs were dismissed as successive. *Warren v. Dretke*, No. 3-06-CV-0598-D, 2006 WL 1313088 (N.D. Tex. May 12, 2006); *Warren v. Quarterman*, No. 3-06-CV-1187-H (N.D. Tex. Jul. 11, 2006).

Dissatisfied with these results, petitioner filed eight different Rule 60(b) motions to set aside the judgment dismissing his first habeas case. Four motions were denied by written order. *Warren*, No. 3-04-CV-0496-D (*see* Orders, Apr. 26, 2006, Apr. 27, 2006, May 12, 2006, Jun. 9, 2006). In its June 9, 2006 order, the court barred petitioner "from filing any further 60(b) motions or otherwise challenging his state criminal conviction in federal court, unless he obtains permission from a three-judge panel of the court of appeals to file a successive application for habeas relief." *See* Or. at 1. After this order was entered, petitioner filed his third federal writ of habeas corpus. The court dismissed the writ as successive and warned petitioner:

> [I]f he files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

*Warren*, No. 3-06-CV-1187-H, or. at 2. Over the next three months, petitioner filed four more Rule 60(b) motions in the original federal habeas action. All four motions were unfiled and stricken from the record. *Warren*, No. 3-04-CV-0496-D (*see* Orders, Sept. 15, 2006, Sept. 25, 2006, Oct. 2, 2006, Oct. 3, 2006). On October 10, 2006, the court warned petitioner that:

> monetary sanctions may be imposed if he files any further Rule 60(b) motions or other pleadings challenging his state criminal conviction without first obtaining authorization from a three-judge panel of the court of appeals. In the event the court imposes monetary sanctions, petitioner will be required to pay the sanction before he files any further Rule 60(b) motions or pleadings of any kind in this case.

*Warren*, No. 3-04-CV-0496-D, or. at 1. Notwithstanding this warning, petitioner filed yet another Rule 60(b) motion, his ninth overall, on October 23, 2006. Noting that petitioner had never obtained permission from a three-judge panel of the court of appeals to file a successive application for

habeas relief,[1] the court struck his Rule 60(b) motion from the record, sanctioned him $100.00 for abusive litigation practices, and prohibited him "from filing any further Rule 60(b) motions or pleadings of any kind in this case until the sanction is paid." *Warren v. Quarterman*, No. 3-04-CV-0496-D, 2006 WL 3438676 at *2 (N.D. Tex. Nov. 29, 2006).

In a transparent attempt to circumvent this order, petitioner has filed yet another federal writ of habeas corpus challenging his state conviction. Because petitioner has never obtained permission from a three-judge panel of the court of appeals to file a successive writ, as required by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244, and this court's order dated June 9, 2006, his application for writ of habeas corpus should be stricken from the record.

II.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally,*

---

[1] In fact, on August 8, 2006, the Fifth Circuit denied petitioner's motion for authorization to file a successive writ. *In re Hubert Warren, Jr.*, No. 06-10634 (5th Cir. Aug. 8, 2006).

*McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (Kaplan, J.) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Petitioner has filed four federal writs of habeas corpus and 10 different Rule 60(b) motions challenging his state conviction for aggravated assault on a public servant. On June 9, 2006, the court barred petitioner from filing any further Rule 60(b) motions, or otherwise challenging his state criminal conviction in federal court, without obtaining permission from a three-judge panel of the court of appeals. Petitioner ignored that order by filing another successive federal writ and five additional Rule 60(b) motions. Petitioner has twice been warned that monetary sanctions would be imposed if he filed another writ of habeas corpus or Rule 60(b) motion without first obtaining authorization from the court of appeals. When petitioner ignored those warnings, he was sanctioned $100.00-- a sanction that remains unpaid. The court also warned petitioner that he would be barred from filing any additional habeas actions in federal court without prior judicial approval if he continued to file successive habeas petitions. Undeterred by these warnings, petitioner has filed yet another federal writ challenging his underlying state conviction. In order to deter such conduct in the future, petitioner should be sanctioned $500.00 and barred from filing any further actions or pleadings of any kind in federal court without first obtaining the permission of a district judge or magistrate judge.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus [Doc. #1] should be unfiled and stricken from the record of this case. In addition, petitioner should be sanctioned $500.00 and barred from filing any further actions or pleadings of any kind in federal court without first obtaining the permission of a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE